IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED NATIONAL INSURANCE COMPANY and FOREMOST INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> SAMES CORPORATION f/k/a/ BINKS MANUFACTURING COMPANY, BINKS RESEARCH & DEVELOPMENT CORPORATION, FRIEDA ENSSLE, BURKE ENSSLE, HEIDI ENSSLE WILSON, ILLINOIS TOOL WORKS, INC., UNITED STATES FIRE INSURANCE COMPANY, LUMBERMENS MUTUAL CASUALTY COMPANY and COMMERCE AND INDUSTRY INSURANCE COMPANY, <br><br> Defendants. | No. 04 C 4620 <br><br> Judge Ronald A. Guzmán |

### MEMORANDUM OPINION AND ORDER

United National Insurance Company and Foremost Insurance Company ("the Insurers") have filed a motion pursuant to 28 U.S.C. § 157(d) to withdraw the reference of their adversary complaint from the bankruptcy court. Illinois Tool Works ("ITW") and Frieda Enssle, Burke Enssle and Heidi Enssle Wilson (collectively, "the Enssles") oppose the motion. For the reasons set forth below, the motion is denied.

### Background

On August 17, 2001, Sames Corporation ("the Debtor") filed a petition for relief under chapter 7 of the Bankruptcy Code.

On April 17, 2003, the bankruptcy court granted the Enssles' motion for relief from the

automatic stay to allow them to sue the Debtor outside the bankruptcy court on claims related to environmental contamination on property owned by the Enssles and leased by the Debtor.

In July 2003, the Enssles filed suit against the Debtor, ITW and others in the U.S. District Court for the District of Colorado. The Enssles included ITW as a defendant because it had acquired some of the Debtor's assets, including an assignment of the Debtor's rights under the lease, before the Debtor filed bankruptcy. Subsequently, the bankruptcy court granted ITW's motion for relief from the automatic stay so it could file a cross-claim against the Debtor to enforce its indemnification rights against the Debtor's insurance coverage.

On April 30, 2004, the Insurers filed a motion with the bankruptcy court seeking relief from the automatic stay so they could file a declaratory judgment action on coverage. ITW, the Enssles and the bankruptcy Trustee objected to the motion. On June 23, 2003, the bankruptcy court allowed the Insurers to voluntarily withdraw it.

On July 14, 2004, the Insurers filed an adversary complaint for declaratory judgment with the bankruptcy court. The same day, they filed the instant motion.

## Discussion

The Court's power to withdraw part of a case from the bankruptcy court derives from 28 U.S.C. § 157, which provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. 157(d). The Insurers contend that their compliant is appropriate for the permissive

2

withdrawal set forth in the first sentence of that section.

To succeed on their motion, the Insurers have the burden of showing that "cause" exists for withdrawing their complaint from the bankruptcy court. *Id.*; *In re Coe-Truman Techs., Inc.*, 214 B.R. 183, 187 (N.D. Ill. 1997). The statute does not define cause, but to determine whether cause exists, courts generally consider whether the proceeding is core or non-core, whether a jury demand has been filed and whether withdrawal will promote judicial economy and the efficient administration of the bankruptcy process, reduce forum shopping and be an efficient use of the debtor and creditor's resources. *See, e.g., Holland Amer. Ins. Co. v. Roy*, 777 F.2d 992, 999 (5th Cir. 1985); *Coe-Truman*, 214 B.R. at 187.

The first factor, whether the proceeding is core or non-core, is the most important. *See Coe-Truman*, 214 B.R. at 187 ("The most important of these factors is whether the adversary proceeding sought to be withdrawn is core or non-core."). The Insurers' complaint seeking a declaratory judgment on the debtor's insurance coverage is a non-core proceeding. *In re U.S. Brass Corp.*, 110 F.3d 1261, 1268-69 (7th Cir. 1997) (stating that suit brought to determine debtor's insurance coverage is non-core). Thus, the first factor weighs in favor of withdrawal.

But that is the only that factor that favors it. No jury demand has been filed in the adversary proceeding and, even if one had been, transfer to an Article III court would not be necessary until the case was ready to be tried. Further, withdrawing the reference from the judge who has presided over the bankruptcy for more than three years and the adversary proceeding for more than six months to a court that is completely unfamiliar with the parties and the underlying facts is hardly an efficient use of either the courts' or the parties' resources. Finally, to the extent the Insurers' motion is motivated by a desire to escape the bankruptcy court, a reasonable inference given the procedural history of the case, granting the withdrawal motion would improperly reward their forum-shopping efforts.

3

In short, we do not believe that the Insurers' action is in the "limited class of proceedings" appropriate for withdrawal. *In re Coe-Truman*, 214 B.R. at 185. Though this Court will ultimately be involved in any dispositive action taken in the suit, the same is true of every bankruptcy-related, non-core proceeding. If that fact alone were sufficient to merit withdrawal, the bankruptcy court would never retain any non-core matter. *See In re HA 2003, Inc.*, No. 03 C 9008, 2004 WL 609799 (N.D. Ill. Mar. 24, 2004) (dismissing argument that bankruptcy court's limited powers mandated withdrawal because "[u]nder this reasoning, . . . the exception would swallow the rule") (internal citation omitted). Though it may be appropriate to withdraw the reference if and when a trial becomes imminent, taking the case, at this stage, from the judge who is most familiar with it and all related matters would not promote judicial economy, the efficient administration of the bankruptcy process or the Debtor's efforts to conserve its resources.

## Conclusion

For all of the reasons stated above, the Insurers' motion to withdraw the reference [doc. no. 1] is denied.

**SO ORDERED**          **ENTERED:**

*[signature]*
HON. RONALD A. GUZMAN
United States District Judge

March 25, 2005